# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 99-50554
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL HERRERA GUTIERREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CR-335-ALL-OG

January 31, 2000

Before POLITZ, SMITH, and WIENER, Circuit Judges

PER CURIAM:[*]

Paul Herrera Gutierrez appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He contends that the evidence was insufficient to show that he possessed a firearm. The standard of review in assessing a challenge to the sufficiency of the evidence in a criminal case is whether a "reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt."[1] In evaluating the sufficiency of the evidence, we view all evidence and all reasonable inferences drawn therefrom in the light

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]**United States v. Bell**, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), aff'd on other grounds, 462 U.S. 356 (1983); see **Jackson v. Virginia**, 443 U.S. 307 (1979).

most favorable to the government.[2]

To sustain a conviction for possession of a firearm by a felon under § 922(g), the government must prove beyond a reasonable doubt that "(1) the defendant had a previous felony conviction, (2) that the defendant possessed a firearm, and (3) the firearm had travelled in or affected interstate commerce."[3] The only element at issue in this case is the second.

Possession of a firearm may be actual or constructive.[4] "Constructive possession is the exercise of, or the power or right to exercise dominion and control over the item at issue[.]"[5] Constructive possession may be proven with circumstantial evidence.[6] The court applies "a common sense, fact-specific approach" to a determination whether constructive possession exists.[7]

The gun at issue was found underneath a blue cap. Before the gun was found, Gutierrez stated that the cap was his. Gutierrez contends that he would not have claimed ownership of the cap if he had known about the gun. "In light of this equivocal evidence, [Gutierrez contends], a reasonable jury would 'necessarily entertain a reasonable doubt' as to whether Gutierrez constructively possessed the gun."

We are not persuaded. The standard of review requires that all reasonable inferences drawn from the evidence be viewed in the light most favorable to the

---

[2]**Glasser v. United States**, 315 U.S. 60 (1942).

[3]**United States v. Wright**, 24 F.3d 734 (5th Cir. 1994).

[4]**United States v. Speer**, 30 F.3d 605 (5th Cir. 1994).

[5]**Id.** (internal quotation and citations omitted).

[6]**United States v. McKnight**, 953 F.2d 898 (5th Cir. 1992).

[7]**United States v. Wright**, 24 F.3d 732, 734 (5th Cir. 1994).

government.[8]  Gutierrez' statement disclaiming ownership of the gun was not the only evidence relevant to constructive possession.  The cap was immediately beside Gutierrez before he got up from the porch and it was not within reach of any of the others there.

Gutierrez contends that § 922(g) unconstitutionally extends Federal control to non-commercial firearms possession.[9]  He concedes that this issue has been resolved against his position but states that he wishes to preserve the question for review by the Supreme Court.[10]  We must follow our present controlling precedents.

The conviction and sentence are AFFIRMED.

---

[8]**Glasser**, 315 U.S. at 80.

[9]Citing **United States v. Lopez**, 514 U.S. 549 (1995).

[10]See **United States v. DeLeon**, 170 F.3d 494 (5th Cir.), cert. denied, 120 S.Ct. 156 (1999), and **United States v. Rawls**, 85 F.3d 240 (5th Cir. 1996).