IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20053
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY DASHUN WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-399-ALL

_____

August 7, 2001

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Timothy Dashun White appeals his conviction of one count of being a felon in

possession of a firearm.  He maintains that the factual basis tendered was

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

insufficient to support his conviction on the federal firearms charge because his prior state felony conviction was not final at the time he committed the instant offense, and because the interstate commerce nexus required by 18 U.S.C. § 922(g)(1) was not established. White did not preserve these issues by "making [his] plea conditional pursuant to Rule 11(a)(2) or by objecting thereafter, such as at [his] sentencing."[1] Accordingly, our review is limited to plain error.[2]

Under the plain-error standard, we may correct forfeited errors only when the appellant establishes the existence of an error, which was clear or obvious, and affected his substantial rights.[3] When these factors are established, we will exercise our discretion to correct a forfeited error only if we find that it seriously affects the fairness, integrity, or public reputation of judicial proceedings.[4]

The plain-error standard is not met as to either of the issues raised by White. As respects his contention that his Texas conviction was not final when he committed the instant offense, the parties do not cite, nor are we aware of, any case directly addressing this issue. At best this is an unresolved issue. It is therefore

---

[1]United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001) (en banc) pet. for cert. filed, 69 USLW 3673 (Apr. 4, 2001)(No. 00-1526).

[2]Marek, 238 F.3d at 315.

[3]United States v. Calverley, 37 F.3d 160 (5th Cir. 1994) (en banc).

[4]United States v. Olano, 507 U.S. 725 (1993).

2

manifest that White has not established the required "clear or obvious" error in the district court's rejection of his position on this issue.

Further, White's contention regarding the sufficiency of the factual basis and his challenge to 18 U.S.C. § 922(g)(1) is likewise unavailing. "This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question."[5]

The judgment of the district court is AFFIRMED.

---

[5]United States v. De Leon, 170 F.3d 494, 499 (5th Cir. 1999), cert. denied, 528 U.S. 863 (1999).