IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20409
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMOUNE LANIER JOHNSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-733-1
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Ramoune Lanier Johnson has appealed his conviction of having possessed a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). We affirm.

Johnson contends that the evidence was insufficient to support his conviction. Specifically, he argues that § 922(g)(1) cannot constitutionally be construed to proscribe interstate possession of a firearm when the only interstate nexus is the fact that it traveled across a state line at some time in the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

past.  He concedes, however, that this court has rejected his contention in several cases.

In fact, "[t]his court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question," based on "the mere fact that the ammunition [or firearm] traveled through interstate commerce in the past."  United States v. De Leon, 170 F.3d 494, 499 (5th Cir. 1999).  The court iterated its previous ruling that United States v. Lopez, 514 U.S. 549 (1995), does not constitutionally invalidate § 922(g)(1).  Id.; see United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996).  Accordingly, Johnson's argument based on Lopez lacks merit.

Johnson also relies on Jones v. United States, 529 U.S. 848 (2000), as showing that Scarborough v. United States, 431 U.S. 563 (1977), and Rawls are no longer good law.  This argument also lacks merit.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), pet. for cert. filed, No. 01-7524 (Dec. 20, 2001).  Therefore Johnson's conviction of violating § 922(g)(1) must be affirmed.

AFFIRMED.