IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40972
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN RODRIGUEZ, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-411-1
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Ruben Rodriguez, Jr., has appealed his conviction of having possessed a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  We affirm.

Rodriguez contends that the factual basis for his guilty plea was insufficient to support his conviction.  Specifically, he argues that 18 U.S.C. § 922(g)(1) cannot constitutionally be construed to proscribe interstate possession of a firearm when the only interstate nexus is the fact that it traveled across a state line at some time in the past.  He concedes, however, that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this court has rejected this contention in several cases; and he raises it only to preserve the issue for Supreme Court review.

In fact, "[t]his court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question," based on "the mere fact that the ammunition [or firearm] traveled through interstate commerce in the past." United States v. De Leon, 170 F.3d 494, 499 (5th Cir. 1999). The court iterated its previous ruling that United States v. Lopez, 514 U.S. 549 (1995), does not constitutionally invalidate § 922(g)(1). Id.; see United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996). Accordingly, Rodriguez's argument based on Lopez lacks merit.

Rodriguez also relies on Jones v. United States, 529 U.S. 848 (2000), and Morrison v. United States, 529 U.S. 598 (2000), as showing that Scarborough v. United States, 431 U.S. 563 (1977), and Rawls are no longer good law. This argument also lacks merit. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 122 S. Ct. 1113 (2002). Therefore Rodriguez's conviction of violating 18 U.S.C. § 922(g)(1) must be affirmed.

AFFIRMED.