IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31271
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RON CAGE,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CR-3-ALL-C
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Ron Cage appeals his conviction under 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon. He argues that 18 U.S.C. § 922(g)(1) is unconstitutional, that mere intra-state possession of a firearm is insufficient to establish that the firearm traveled in or affected interstate commerce, and that the district court's refusal to include a requested jury instruction on the "in or affecting" commerce element was error. Cage

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acknowledges that each of these claims is foreclosed by existing Fifth Circuit precedent, but he states that he raises the claims to preserve them for further review.

Cage's claims are indeed foreclosed by circuit precedent. See United States v. Daugherty, 264 F.3d 513, 518 & n.12 (holding that "constitutionality of § 922(g) is not open to question" and that evidence that a weapon was manufactured outside of the state in which it was possessed is sufficient to support a conviction) (5th Cir. 2001), cert. denied, 122 S. Ct. 1113 (2002); United States v. De Leon, 170 F.3d 494, 499 (5th Cir. 1999) (refusing instruction that required proof that ammunition had an "explicit connection or substantial effect on" interstate commerce).

Accordingly, the district court's judgment is AFFIRMED.