**Revised April 12, 1999**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-40509

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

THOMAS DE LEON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____
March 17, 1999

Before REYNALDO G. GARZA, POLITZ, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:


I. FACTUAL AND PROCEDURAL BACKGROUND


In 1995, agents of the Bureau of Alcohol, Tobacco and Firearms ("ATF") began investigating possible violations of firearms laws by Thomas De Leon ("De Leon"). This investigation was based upon information received that De Leon, a convicted felon, had been seen with an assault rifle and was a member of a street gang. After De Leon was identified as the driver in a drive by shooting, the ATF obtained a search warrant of Lisa Cordova's home, De Leon's girlfriend. The agents found hidden in

a dresser in the home several incriminating items.  The articles included: a box containing 85 rounds of .22 caliber ammunition, a Texas State Parole Board document referring to De Leon and some men's clothing.  De Leon's partial fingerprint was lifted from the box of ammunition and introduced into evidence by the government.

Based on this information, De Leon was charged with two counts under Title 18 U.S.C. § 922(g)(1).  The first count charged him with possession of a firearm by a convicted felon. The second count charged him with possession of ammunition by a convicted felon.  De Leon was tried on the possession of ammunition by a convicted felon charge only.  The jury found De Leon guilty, and he was subsequently sentenced to forty-six months in prison and a three-year term of supervised release. This appeal followed.

## II. DISCUSSION

De Leon challenges his conviction on five separate grounds: (1) that the evidence was insufficient to establish that he was in possession of the ammunition; (2) that the admission into evidence of his parole document was irrelevant and prejudicial; (3) that the district court erred by refusing to instruct the jury that mere touching is insufficient to establish constructive possession of an item; (4) that the government's power to penalize a felon's possession of ammunition is unconstitutional;

2

and (5) that the district court erred by refusing De Leon's proposed jury instruction requiring proof that the ammunition had an "explicit connection or substantial effect on" interstate commerce.

## 1) Sufficiency of the Evidence

De Leon argues that the thumbprint on the box containing the 85 rounds of .22 caliber ammunition was insufficient to establish that he was in possession of the box. He alleges that the government failed to prove that he had dominion or control over the house where the box was discovered and the evidence used to prove constructive possession was therefore insufficient.

De Leon twice filed motions for judgment of acquittal challenging the sufficiency of the Government's evidence. The first motion was filed at the close of the Government's case-in-chief and the second at the close of all evidence. Thus, this appeal is directed to the denial of these motions.

This Court reviews the denial of a motion for a judgment of acquittal *de novo*. *United States v. Greer*, 137 F.3d 247,249 (5th Cir.), *cert. denied*, 118 S.Ct. 2305 (1998). In doing so, we consider "whether, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Id*.

3

In order to obtain a conviction under 18 U.S.C. § 922(g)(1), the Government must prove that De Leon had been previously convicted of a felony, that he knowingly possessed the ammunition and that the ammunition traveled in or affected interstate commerce. *United States v. Jones*, 133 F.3d 358, 362 (5th Cir.), *cert. denied*, 118 S.Ct. 1854 (1998). Possession may be actual or constructive and may be proved by circumstantial evidence. *Id*. Constructive possession is the ownership, dominion or control over an illegal item itself or dominion or control over the premises in which the item is found. *United States v. Munoz*, 150 F.3d 401, 416 (5th Cir.), *cert. denied*, 119 S.Ct. 887 (1999); *United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995).

During the trial, ATF agent Elias Mora testified that no one was at the house when the search warrant was executed. He also testified that there was no evidence that De Leon owned the home, that there were no utility bills or mail in De Leon's name and that he did not know how the ammunition got into the house.

Raul Cabaza, Cordova's neighbor, testified that De Leon began visiting Cordova shortly after she had been widowed. He did not recall seeing him during the month of June of 1995, when the search warrant was issued. He did, however, recall seeing De Leon regularly during the months of February and March of that year.

The Government's final witness, Officer Edilberto Vigil of

4

the City of McAlister, Texas, testified that the thumbprint lifted from the box containing the 85 rounds of .22 caliber ammunition belonged to De Leon.

In *United States v. Onick*, 889 F.2d 1425, 1430 (5th Cir. 1989), this Court found the defendant, Tolliver, in constructive possession of the drugs found within a house. The presence of his personal belongings, including his papers, clothes and prescription medicines were enough to prove that he had dominion and control over the house. Onick, the other defendant, was not found in constructive possession of the drugs. *Id.* at 1429. The fact that Onick only visited Tolliver for the night was one of the factors considered in determining whether she also exercised dominion and control over the house. *Id.* There was no evidence suggesting that Onick knew about the drugs or that she exercised control over the house. Based on the insufficiency of evidence, this Court reversed her conviction. *Id.* We stated clearly, however, that the fact that she did not live at the house was not determinative of the dominion and control issue. *Id*. at 1431, n. 2; *United States v. Morgan*, 117 F.3d 849, 856 (5th Cir.), *cert. denied, Ryan v. United States*, 118 S.Ct. 454 (1997).

In determining what constitutes dominion and control over an illegal item, this Court considers not only the defendant's access to the dwelling where the item is found, but also whether the defendant had knowledge that the illegal item was present.

5

*Guzman v. Lensing*, 934 F.2d 80, 84 (5th Cir. 1991). The mere fact that the defendant had a key to an apartment where cocaine was found is insufficient to establish that he exercised dominion or control over the cocaine. *Id.*

In *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir.), *cert. denied,* 510 U.S. 1198 (1994), we determined that control over the place in which contraband or an illegal item is discovered is insufficient by itself in establishing constructive possession when there is joint occupancy of a place. We have found constructive possession in such cases only when there was "some evidence supporting at least a plausible inference that the defendant had knowledge of and access to" the illegal item. *Id.*

We hold that a reasonable jury could not find that De Leon actually possessed the ammunition, but could infer that he constructively possessed the ammunition. The discovery of the parole document, an item of a sensitive and highly personal nature, indicates that De Leon was more than a casual visitor. It can be reasonably inferred from this evidence that De Leon had authority to keep personal belongings in the house. Raul Cabaza's testimony indicates that De Leon slept there up to a week at a time. When viewed as a whole, the evidence strongly suggests that De Leon could come and go as he pleased and that he exercised dominion and control over the house.

The thumbprint on the box of ammunition would also lead a

jury to reasonably infer that De Leon knew that the box was there and that he possessed control over it. The fact that it was found in a child's dresser can also indicate a desire to conceal the existence of the ammunition. The suspicious location of the ammunition may be used to infer that De Leon had control over the house and that he knowingly possessed control over the ammunition. *United States v. Anchondo-Sandoval*, 910 F.2d 1234 (1990).

When taken as a whole, the evidence suggests that De Leon was in constructive possession of the ammunition. As we previously stated in *United States v. Cardenas*, 748 F.2d 1015, 1020 (5th Cir. 1984), the sum of the evidence may be greater than the individual factors. After a careful consideration of all the evidence presented to the jury, we conclude that a jury could have reasonably inferred that De Leon was in constructive possession of the ammunition in violation of § 922(g)(1).

## 2) Admission of the Parole Document

De Leon asserts that the admission of the parole document was unfairly prejudicial in violation of FED. R. EVID. 403 and is irrelevant under FED. R. EVID. 402. We review evidentiary rulings for abuse of discretion. *United States v. Robles-Vertiz*, 155 F.3d 725, 729 (5th Cir. 1998); *Snyder v. Trepagnier*, 142 F.3d 791, 801 (5th Cir. 1998).

De Leon contends that his willingness to stipulate that he was a convicted felon rendered the parole document wholly prejudicial. De Leon cites *Old Chief v. United States*, 117 S.Ct. 644 (1997), in support of his assertion. However, De Leon's reliance upon *Old Chief* is misplaced. In *Old Chief*, the Supreme Court determined that the admission of the nature of the prior conviction was erroneous because it involved the possession of a gun by a felon. *Id*. at 652. The Court reasoned that under those circumstances there was a high probability that the jury would convict the defendant on the basis of his bad character. *Id*. at 652-653. Given that there was valid evidence of the defendant's prior conviction that was devoid of the risk of undue prejudice (i.e., the defendant's willingness to stipulate to his felon status), the Court concluded that admission of the nature of the prior conviction was unnecessary. *Id.* at 647-648.

A review of the lower court's proceedings reveals that the admission of the parole document was neither irrelevant nor prejudicial and therefore did not constitute an abuse of discretion. The nature of the offense, with regards to the parole document, was purposely omitted so as to prevent a prejudicial effect. De Leon contends that the document was still overly prejudicial after it was redacted because the words "Most Watched Program" remained on the version seen by the jury. The Government, however, never mentioned that De Leon was in the

8

"Most Watched Program" during the trial and it is unlikely that this isolated reference lured the jury to convict De Leon principally on the basis of bad character.  Consequently, this point is unavailing.

This Court has held that when the probative value of the evidence exceeds any possible prejudicial effect, the district court's admission of such evidence does not constitute an abuse of discretion.  *Robles-Vertiz*, 115 F.3d at 730. Thus, we hold that because the document was highly probative of De Leon's dominion and control over Cordova's house, its admission did not violate Rules 403 or 402 of the Federal Rules of Evidence.


3) Instructing the Jury on Constructive Possession


De Leon contends that the district court erred by refusing to instruct the jury that mere touching is insufficient to establish constructive possession of an item.  In support of his position, he cites *United States v. Beverly*, 750 F.2d 34 (6th Cir. 1984).  In *Beverly*, the Sixth Circuit held that mere touching of one of the guns in question was insufficient to establish constructive possession of the weapon.  *Id*. at 37.

It is firmly established that this Court affords district courts substantial latitude in formulating jury charges.  *United States v. Garcia Abrego*, 141 F.3d 142, 153 (5th Cir.), *cert. denied*, 119 S.Ct. 182 (1998).  Therefore, we review a district

court's refusal to give a proposed jury instruction only for an abuse of discretion.  *Id*.  Reversal of the district court's refusal to give the proposed jury instructions is appropriate only if the rejected instruction (1) is substantively correct; (2) is not substantially covered in the charge given; and (3) pertains to an important point in the trial such that failure to give the instruction impairs the defendant's ability to present a given defense effectively.  *Id.; see United States v. Pipkin*, 144 F.3d 528, 535 (5th Cir. 1997).

Relying upon *Beverly*, De Leon requested that the court instruct the jury as follows:

> If you find that Mr. De Leon merely touched the box, but did not have constructive possession, that is that he did not knowingly have the power or intention to exercise dominion or control over the cartridges, I instruct you that you must return a verdict of "Not Guilty" as to count two of the indictment.

The district court's refusal to include an express statement stating that "mere touching" was insufficient to establish constructive possession was unnecessary because the instructions already required proof that De Leon exercised "dominion and control" over the box of ammunition.  By instructing the jury in this manner, the district court implicitly instructed the jurors that they could not conclude De Leon constructively possessed the ammunition if they found that the defendant had simply touched the ammunition on one occasion.

10

We conclude that the district court did not abuse its discretion by refusing to include the express language requested by De Leon.  The district court's instruction substantively covered De Leon's proposed instruction.  Thus, its decision did not impair De Leon's ability to present his defense effectively.

### 4) The Constitutionality of Title 18 U.S.C. § 922(g)(1)

In his final two points, De Leon argues that § 922(g) is unconstitutional due to the lack of a sufficient nexus between the act it prohibits and interstate commerce.  Relying on *United States v. Lopez*, 514 U.S. 549 (1995), De Leon argues that the mere fact that the ammunition in question traveled through interstate commerce in the past is insufficient to implicate Congress's power under the Commerce Clause.  De Leon concomitantly urges that the district court erred in refusing to provide a jury instruction requiring proof that the ammunition had an "explicit connection or substantial effect on" interstate commerce.

De Leon admits that he did not raise this issue in the district court.  Citing cases from other Circuits, however, he asserts that the constitutionality of a statute may be challenged for the first time on appeal.

This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question.  *See*

11

*United States v. Gresham*, 118 F.3d 258, 264 (5th Cir.), *cert. denied*, 118 S.Ct. 702 (1998).  Indeed, this court has expressly stated that "neither the holding in *Lopez* nor the reasons given therefor constitutionally invalidate § 922(g)(1)."  *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996).  Thus, De Leon's constitutional challenge is foreclosed by Circuit precedent.

Because De Leon's constitutional challenge is directly precluded by precedent, his requested jury instruction requiring proof that the ammunition had an "explicit connection or substantial effect on" interstate commerce is an incorrect statement of the law.  Accordingly, the district court did not err in refusing to give this instruction.  Thus, this issue is also meritless.  *See Garcia Abrego*, 141 F.3d at 153.

### III. CONCLUSION

For the aforementioned reasons, we AFFIRM the district court's decision in all respects.