IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40100
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLAND CASTRO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CR-289-1
--------------------
September 14, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roland Castro appeals his conviction for being a felon in
possession of a firearm. He argues that 18 U.S.C. § 922(g)
"operates unconstitutionally in a case where the only interstate
commerce nexus is the mere fact that the firearms at some point
in the past traveled interstate." He also argues that the
evidence adduced at trial gives nearly equal circumstantial
support for a theory of guilt as a theory of innocence;
therefore, reversal is required.

Castro's timely post-verdict motion for a judgment of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

acquittal preserves his right to appellate review of his insufficient-evidence claim.  See United States v. Allison, 616 F.2d 779, 783-84 (5th Cir. 1980).

We review the district court's denial of the motion de novo. United States v. Ferguson, 211 F.3d 878, 882 (5th Cir. 2000).

"This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question."  See United States v. De Leon, 170 F.3d 494, 499 (5th Cir.), cert. denied, 120 S. Ct. 156 (1999).  Recent decisions by the Supreme Court do not alter this ruling.  Moreover, the jury could reasonably find that the black object which fell from Castro's pocket was the gun that was recovered a short time later.  The judgment of the district court is AFFIRMED.

AFFIRMED.