IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20803
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUENTIN DEMOND HAMPTON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-217-1
- - - - - - - - - -
May 7, 2001

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:*

Quintin Demond Hampton appeals his conviction for being a felon in possession of a firearm. He argues that 18 U.S.C. § 922(g)(1) "operates unconstitutionally" in a case where the only interstate commerce nexus is the mere fact that the firearm at some point in the past traveled interstate. Hampton also argues that the evidence adduced at trial gives nearly equal circumstantial support for a theory of guilt as a theory of innocence on the "knowing possession" element; therefore, reversal is required.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hampton's timely motion for a judgment of acquittal preserves his right to appellate review of his insufficient-evidence claim. See United States v. Allison, 616 F.2d 779, 783-84 (5th Cir. 1980). We review the district court's denial of the motion de novo. United States v. Ferguson, 211 F.3d 878, 882 (5th Cir. 2000).

"This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question." See United States v. De Leon, 170 F.3d 494, 499 (5th Cir.), cert. denied, 120 S. Ct. 156 (1999). Recent decisions by the Supreme Court do not alter this ruling. Moreover, the jury could reasonably find, based upon credibility evaluations of the testifying witnesses, that Hampton knowingly possessed the handgun which was visibly protruding from under the driver's seat of the car he was driving. The judgment of the district court is AFFIRMED.