IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20009
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTHA LEE COOPER, also known as Jerome Cooper,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-458-1
--------------------
July 23, 2001

Before DUHÉ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Otha Lee Cooper has appealed his conviction of having possessed a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). We affirm.

Cooper was convicted following a bench trial on his stipulation that he had carried the firearm on his person, and that it "was manufactured outside the State of Texas and had traveled in and affected interstate commerce prior to [his] possession of it." Cooper also stipulated that he had been previously convicted of an offense for which he received an eight-year sentence.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cooper contends that this evidence was insufficient to support his conviction. Specifically, he argues that § 922(g)(1) cannot constitutionally be construed to proscribe interstate possession of a firearm when the only interstate nexus is the fact that it traveled across a state line at some time in the past. He concedes, however, that this court has rejected his contention in several cases.

In fact, "[t]his court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question," based on "the mere fact that the ammunition [or firearm] traveled through interstate commerce in the past." United States v. De Leon, 170 F.3d 494, 499 (5th Cir.), cert. denied, 528 U.S. 863 (1999). The court iterated its ruling that United States v. Lopez, 514 U.S. 549 (1995), does not constitutionally invalidate § 922(g)(1). Id. Accordingly, Cooper's argument based on Lopez lacks merit.

Cooper also relies on two recent Supreme Court cases, United States v. Morrison, 529 U.S. 598, 120 S. Ct. 1740 (2000), and Jones v. United States, 529 U.S. 848, 120 S. Ct. 1904 (2000), as "show[ing] that this Court should reconsider and reinterpret its construction of the interstate commerce element in § 922(g)(1)." This argument lacks merit. Therefore Cooper's conviction of violating § 922(g)(1) must be affirmed.

AFFIRMED.