IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20183
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

GLEN EARL GREATHOUSE

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-657-ALL
--------------------
September 18, 2001

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Glen Earl Greathouse ("Greathouse") appeals his conviction for being a felon in possession of a firearm possessed in and affecting interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He contends that the evidence presented at his trial was insufficient to support the interstate commerce element of a § 922(g)(1) offense and that this court should reconsider its jurisprudence regarding the constitutionality of § 922(g)(1) in light of <u>Jones v. United</u>

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States, 529 U.S. 848 (2000), and United States v. Morrison, 529 U.S. 598 (2000).  Greathouse also argues that the evidence was insufficient to establish that he possessed the firearm.

"This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question."  See United States v. De Leon, 170 F.3d 494, 499 (5th Cir. 1999).  The cases cited by Greathouse are distinguishable and do not affect this determination.

The standard of review of the sufficiency of evidence to support a conviction is whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt.  United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).  Possession of a firearm may be actual or constructive and may be proven by circumstantial evidence.  United States v. DeLeon, 170 F.3d 494, 496 (5th Cir. 1999).  The evidence presented at Greathouse's trial was sufficient to establish that he possessed a firearm.

Consequently, the judgment of the district court is AFFIRMED.