IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10176
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD CARLDERON SMITH, JR.,
also known as Richard Calderon Smith,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-135-1
- - - - - - - - - -
October 26, 2001

Before DUHÉ, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Richard Carlderon Smith, Jr., appeals from the jury conviction of being a felon in possession of a firearm. Smith argues that the district court erred in denying his motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) because the evidence was insufficient to prove beyond a reasonable doubt that he possessed the firearm, either directly or constructively.

This court reviews the denial of a motion for a judgment of acquittal de novo. United States v. Garcia, 242 F.3d 593, 596 (5th

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2001). The court "views all evidence, whether circumstantial or direct, in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict." United States v. Moser, 123 F.3d 813, 819 (5th Cir. 1997). The court does not review the weight of the evidence or the credibility of the witnesses. Garcia, 242 F.3d at 596.

Possession of a firearm may be actual or constructive and may be proven by circumstantial evidence. United States v. De Leon, 170 F.3d 494, 496 (5th Cir. 1999). Where a premises is jointly occupied, there must be "some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon or contraband." United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993).

The jury could have rationally believed that Larine Mojica's statements to the officers that Smith was going for the gun and that the smock belonged to Smith were more credible than her trial testimony given the trial testimony that the smock would not fit her, Smith was in the bedroom and very close to the closet, the closet door was partially open, the clothes in the closet were parted at the smock, and the handle of the gun was protruding from the pocket of the smock. Accordingly, the judgment of the district court is AFFIRMED.