IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40092
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPE PEREZ-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(B-00-CR-338-1)
--------------------
November 9, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Felipe Perez-Hernandez ("Perez") challenges his conviction for being an illegal alien in possession of a weapon affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(5)(A). He argues that the indictment was defective and that the evidence was not sufficient to support the interstate-commerce element of the offense.

Perez's challenge to the indictment is without merit. The language of his indictment tracks the language of 18 U.S.C. §

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

922(g)(5)(A) and alleges each of the elements of the offense.  <u>See</u> <u>United States v. Arlen</u>, 947 F.2d 139, 145 (5th Cir. 1991).

His insufficiency-of-the-evidence argument is equally unavailing.  In essence, Perez's argument is that we should reconsider our jurisprudence regarding the constitutionality of § 922(g) in light of <u>Jones v. United States</u>, 529 U.S. 848 (2000), and <u>United States v. Morrison</u>, 529 U.S. 598 (2000).  We have repeatedly stated, however, that the constitutionality of § 922(g) "is not open to question."  <u>United States v. De Leon</u>, 170 F.3d 494, 499 (5th Cir. 1999).  The <u>Jones</u> and <u>Morrison</u> cases cited by Perez are distinguishable and do not affect our long-standing and consistent position on § 922(g)'s constitutionality.

The judgment of the district court is, in all respects, AFFIRMED.