IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-20045
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY RAY JOHNSON,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-511-1

---

July 18, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Johnny Ray Johnson appeals his bench-trial conviction and sentence for being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1).[1]  He argues that there was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] As a threshold matter, the government asserts that Johnson's notice of appeal was premature and has not vested this court with jurisdiction. A timely notice of appeal is a prerequisite to this court's exercise of jurisdiction. *United States v. Winn*, 948 F.2d 145, 153 (5th Cir. 1991).  While Johnson prematurely filed his notice of appeal after the verdict but prior to sentencing and entry of the judgment of conviction, his notice of appeal is nevertheless effective to appeal his conviction.  *See id.* at 154.  Furthermore, since Johnson's intent to appeal his sentence is apparent from his briefs and the government has not asserted that any prejudice would result from considering his

insufficient evidence to support a finding of possession as required to convict under section 922(g)(1) and that the district court erred in applying two sentencing enhancements to upwardly adjust his sentence.

There is no merit to Johnson's contention that there was insufficient evidence to establish that he possessed the firearms or ammunition as required for a conviction under 18 U.S.C. § 922(g)(1).  Drawing all reasonable inferences in favor of the government, the evidence at trial provided sufficient support for the district court's finding that Johnson illegally possessed the firearms and ammunition.[2]  Johnson's constructive possession of the front bedroom at 5514 Rue Street in which the firearms and ammunition were found was established by, *inter alia*, the evidence that he and Tytheras Blackmon both stated that he lived at the 5514 Rue Street address, that his Texas identification card bore that address, that he stated that he lived in the front bedroom of the house, and that his clothes were found in that room.[3]

Even assuming that Johnson jointly occupied the room with Blackmon, it can be plausibly inferred, using a commonsense, fact-specific approach, that Johnson had knowledge of and access to the

challenges to his sentence, Johnson's notice of appeal is also effective to appeal his sentence.  *See id.* at 154-55.

[2]  *See United States v. Rosas-Fuentes*, 970 F.2d 1379, 1381 (5th Cir. 1992) (stating the standard for challenges to the sufficiency of the evidence following a bench-trial conviction).

[3]  *See United States v. De Leon*, 170 F.3d 494, 496-97 (5th Cir. 1999).

firearms and ammunition.[4]  The evidence showed that the three firearms were found in a dresser drawer, the crack cocaine to which Johnson pleaded guilty in state court to possessing was found on top of and under the same dresser or another dresser in the small bedroom, and the ammunition was found in the closet in which Johnson's clothes were located.

There is likewise no merit to Johnson's assertions that the district court erred in upwardly adjusting his sentence pursuant to U.S.S.G. §§ 2K2.1(b)(1)(A) & 2K2.1(b)(5).  As there was sufficient evidence to support the district court's determination at trial beyond a reasonable doubt that Johnson possessed the firearms and ammunition at issue in this case, the district court did not err, clearly or otherwise, in determining at sentencing by a preponderance of the evidence that Johnson's offense involved three firearms and that Johnson possessed the firearms and ammunition based on the evidence at trial, which Johnson failed to demonstrate was materially untrue.[5]  Furthermore, the district court did not err, clearly or otherwise, in determining that Johnson's related state court conviction for possession of cocaine arising from his

---

[4] *See United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993).

[5] *See United States v. Freeman*, 164 F.3d 243, 251 (5th Cir. 1999); *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996).

February 28, 2000 arrest was a felony offense for purposes of U.S.S.G. § 2K2.1(b)(5).[6]

The judgment of the district court is AFFIRMED.

---

[6] *See* U.S. SENTENCING GUIDELINES MANUAL § 2K2.1, cmt. n.7 ("'Felony offense,' as used in subsection (b)(5), means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained."); TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D) & 481.115(b); TEX. PENAL CODE § 12.35(a).