UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10589
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES LEE ALEXANDER,

Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Northern District of Texas, Lubbock Division
(5:01-CR-129-1-C)
_____

January 28, 2003

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

James Lee Alexander appeals his jury-trial convictions and ensuing sentences for being a

felon in possession of a firearm and aiding and abetting and possession of a firearm in furtherance

of a drug-trafficking offense in violation of 18 U.S.C. §§ 922(g)(1) and 2, 924(c)(1)(A). Finding

no error, we AFFIRM.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

Alexander argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face because it fails to require a "substantial effect" on interstate commerce. He also contends that the Government should be required to prove the knowledge element of the same statute.

This Court has held that "the constitutionality of 18 U.S.C. § 922(g)(1) is not open to question." *United States v. DeLeon*, 170 F.3d 494, 499 (5th Cir. 1999). We have also held that "knowledge of a legal obligation is not an element of [18 U.S.C.] § 922(g)." *United States v. Dancy*, 861 F.2d 77, 82 (5th Cir. 1988). Because this Court is bound by its own precedent, Alexander's arguments relating to the constitutionality of 18 U.S.C. § 922(g), both facially and as applied, are foreclosed. *See United States v. Taylor*, 933 F.2d 307, 313 (5th Cir. 1991). Recent decisions by the Supreme Court do not alter this Court's jurisprudence regarding the constitutionality of 18 U.S.C. § 922(g). *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001), *cert. denied*, 534 U.S. 1150 (2002).

Alexander also argues that there was insufficient evidence to support his conviction for possession of a firearm in furtherance of a drug-trafficking offense. Methamphetamine was being manufactured inside Alexander's mobile home. Five firearms were located in plain view just inside an open bedroom closet door and the light was on in that closet. Ammunition was found in the closet with the firearms and it was strewn all about the residence. Given the accessibility of the firearms and ammunition and the proximity of those items to the drug-manufacturing operation, there was sufficient evidence to support the conclusion that the firearms were used in furtherance of the drug-manufacturing operation. *See United States v. Ceballos-Torres*, 218 F.3d 409, 410-11 (5th Cir. 2000), *cert. denied*, 531 U.S. 1102 (2001); *see United States v. Pankhurst*, 118 F.3d 345, 352 (5th Cir. 1997).

AFFIRMED.