United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30810
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND COLEMAN,

Defendant-Appellant

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-50107-ALL
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Raymond Coleman appeals his conviction, following a jury trial, for possession of firearms by a felon. See 18 U.S.C. § 922(g)(1). Coleman challenges the sufficiency of the evidence supporting his conviction. The Government was required to prove that Coleman "(1) has been convicted of a felony; (2) possessed a firearm in or affecting interstate commerce; and (3) knew that he was in possession of the firearm." United States v. Ferguson, 211 F.3d 878, 885 n.4 (5th Cir. 2000) (internal quotations and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

citations omitted). "[P]ossession may be actual or constructive." United States v. Mergerson, 4 F.3d 337, 348 (5th Cir. 1993). The evidence submitted at trial was more than sufficient to prove Coleman's knowing possession of the firearms. See United States v. Fields, 72 F.3d 1200, 1212 (5th Cir. 1996) ("Constructive possession is defined as 'ownership, dominion or control over the [firearm] itself or dominion or control over the premises in which the [firearm] is concealed.'") (quoting Mergerson, 4 F.3d at 349).

Coleman also argues that the district court's refusal to include his requested jury instruction on the "in or affecting" commerce element was error. As Coleman acknowledges, this claim is foreclosed by prior precedent. See United States v. De Leon, 170 F.3d 494, 499 (5th Cir. 1999).

Accordingly, the district court's judgment is AFFIRMED.