**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 17, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-50022
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

CARL JOSEPH COLLINS,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-198-ALL-H

Before JOLLY, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Carl Joseph Collins appeals his jury-trial conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g).

Collins argues that the district court erred by denying his motion for a judgment of acquittal and that the evidence at trial was insufficient to support his conviction. Because Collins properly preserved these objections in the district court, we review the denial of his motion to acquit *de novo* and consider

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether "a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt."[1]  In the instant case, testimony established that the firearm was manufactured in Switzerland and possessed in Texas.  We have "repeatedly held that evidence that a firearm has traveled interstate at some point in the past is sufficient to support a conviction under § 922(g), even if the defendant possessed the firearm entirely intrastate."[2]  Therefore, Collins's arguments are without merit.

Collins also argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied.  However, we have rejected such arguments and concluded that the "constitutionality of § 922(g) is not open to question."[3]  This argument is also without merit.

AFFIRMED.

---

[1]*See United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000).

[2]*United States v. Cavazos*, 288 F.3d 706, 712 (5th Cir. 2002).

[3]*United States v. DeLeon*, 170 F.3d 494, 499 (5th Cir. 1999).