United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51243
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CHRISTOPHER OBELL VANOVER

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-95-1
---------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Christopher Obell Vanover was tried by a jury and convicted
of being a convicted felon in possession of a firearm and a
person convicted of a misdemeanor crime of domestic violence in
possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)
and (9).  Vanover argues that the Government failed to prove
beyond a reasonable doubt that he possessed a firearm.

Constructive possession of a weapon may be proven through
circumstantial evidence.  <u>United States v. De Leon</u>, 170 F.3d 494,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

496 (5th Cir. 1999).  Evidence set forth at trial indicated that Vanover's license, social security card, and wallet were in the night stand in the bedroom where the weapon was located.  Vanover admitted that marijuana and scales, which were found in the bedroom where the weapon was located, belonged to him.  Vanover also admitted that a bulletproof vest that was found elsewhere in the apartment belonged to him and that he went to the apartment almost daily and frequently showered and slept at the apartment.  Finally, an officer testified that Vanover admitted that he had obtained the weapon for protection due to concerns of violence associated with a crime that the officer was investigating.  When viewed in the light most favorable to the verdict, see United States v. Izydore, 167 F.3d 213, 219 (5th Cir. 1999), the evidence is sufficient to allow a plausible inference that Vanover had knowledge of, and access to, the weapon.  See De Leon, 170 F.3d at 496-97; United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993).  Finally, the jury was free to assess Vanover's credibility when he denied possessing the weapon, and the jury's credibility assessment will not be disturbed.  See United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993).

The judgment of the district court is therefore AFFIRMED.