**REVISED DECEMBER 17, 2013**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-51293
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER IBARRA CARRANZA, also known as Javier Ibarra,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-184-2

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Javier Ibarra Carranza of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana (21 U.S.C. §§ 841 and 846), possession with intent to distribute more than 100 kilograms of marijuana (§ 841), possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C.§ 924(c)(1)(A)), and aiding and abetting the possession of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearm by an illegal alien (18 U.S.C. §§ 922(g)(5), 924(a) and 2).  On appeal, Ibarra challenges the sufficiency of the evidence on the two firearms counts, arguing that the evidence was insufficient to show that he possessed a firearm.

Evidence will be deemed sufficient if any rational trier of fact could have found that it established guilt beyond a reasonable doubt.  *Jackson v. Virginia,* 443 U.S. 307, 318 (1979).  Although Ibarra moved for a judgment of acquittal after the Government rested, he failed to renew the motion at the close of all evidence.  Accordingly, his sufficiency claim is reviewed for plain error.  *See United States v. Delgado,* 672 F.3d 320, 330-32 (5th Cir.) (en banc), *cert. denied* 133 S. Ct. 525 (2012).  In the context of a sufficiency challenge, to establish plain error, the defendant "must demonstrate not just that the government's evidence . . . was insufficient, but that it was obviously insufficient."  *Id.* at 331. We will find the requisite obviousness only if "the record is devoid of evidence pointing to guilt or if the evidence is so tenuous that a conviction is shocking." *Id.* (internal quotation marks and citation omitted).

Possession of a firearm may be actual or constructive and may be proven by circumstantial evidence.  *United States v. De Leon,* 170 F.3d 494, 496 (5th Cir. 1999).  "Constructive possession need not be exclusive, it may be joint with others . . . ."  *United States v. McKnight,* 953 F.2d 898, 901 (5th Cir. 1992).  In joint occupancy cases, constructive possession of a firearm may be established by evidence that the defendant had access to and knowledge of the firearm. *See United States v. Anderson,* 559 F.3d 348, 353 (5th Cir. 2009); *see also United States v. Fields,* 72 F.3d 1200, 1212 (5th Cir. 1996).

In the instant case, detectives found a loaded assault rifle inside of a pillowcase on a bed in the living room and two loaded handguns underneath the same pillow.  A rifle case, with a rifle inside, was found in one of the bedrooms.  Several ammunition magazines and loose rounds were found in

plain view inside the house.  There also was testimony that the house clearly appeared to be a "stash house," with a large quantity of marijuana in plain view in one bedroom, and a smaller quantity of cocaine was in plain view in the living room.  Witnesses also testified that drug traffickers are known to keep firearms near their drug supplies.  Based on this evidence, we conclude that the record was not "devoid of evidence" that would allow a plausible inference that Ibarra had knowledge of and access to these firearms.  *See Delgado,* 672 F.3d at 331 (internal quotation marks and citation omitted); *Fields,* 72 F.3d at 1212.

The record does reveal a clerical error in the judgment.  The written judgment provides that, as to Count Three, Ibarra was convicted of "possession of a firearm during a drug transaction."  Count Three itself is somewhat unclear because it appears to conflate the use and carry and possession prongs of § 924(c)(1)(A).  *See United States v. McGilberry,* 480 F.3d 326, 329 (5th Cir. 2007).  The judgment should be corrected to properly identify the offense of conviction on Count Three.

Therefore, Ibarra's convictions are AFFIRMED.  The matter is REMANDED for correction of the clerical error pursuant to Federal Rule of Criminal Procedure 36.