# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2017

Lyle W. Cayce
Clerk

No. 16-51377
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT HOPES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-186-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Hopes appeals following his guilty plea conviction of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He relies on *United States v. Lopez*, 514 U.S. 549 (1995), to argue that § 922(g)(1) unconstitutionally extends the reach of the Commerce Clause to the mere non-commercial possession of a firearm. Hopes contends that a felon's possession of a firearm, like possession of a firearm near a school, the offense at issue in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Lopez*, does not have a substantial effect on interstate commerce. He concedes, however, that his argument is foreclosed by circuit precedent, and he raises the issue to preserve it for Supreme Court review.

The Government has filed an unopposed motion for summary affirmance; in the alternative, it requests an extension of time to file its brief. The Government asserts that the parties are in agreement that, under circuit precedent, Hopes's challenge to the constitutionality of § 922(g) is foreclosed. Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

"This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question." *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999); *see also United States v. Alcantar,* 733 F.3d 143, 146 (5th Cir. 2013). *In United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996), we rejected a challenge to the constitutionality of § 922(g)(1) on the basis that neither the holding nor the reasoning in *Lopez* constitutionally invalidates § 922(g)(1).

In view of the foregoing, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED. The judgment of the district court is AFFIRMED.