# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50433
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN FRANK LAKE, also known as Lake, also known as John F. Lake,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-1120-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

John Frank Lake appeals following his guilty plea conviction of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He relies on *United States v. Lopez*, 514 U.S. 549 (1995), to argue that § 922(g)(1) unconstitutionally extends the reach of the Commerce Clause to the mere non-commercial possession of a firearm. Lake contends that a felon's possession of a firearm, like possession of a firearm near a school, the offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

at issue in *Lopez*, does not have a substantial effect on interstate commerce. He concedes, however, that his argument is foreclosed by circuit precedent, and he raises the issue to preserve it for Supreme Court review.

The Government has filed an unopposed motion for summary affirmance; in the alternative, it requests an extension of time to file its brief. The Government asserts that the parties are in agreement that, under circuit precedent, Lake's challenge to the constitutionality of § 922(g) is foreclosed. Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

"This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question." *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999); *see United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). In *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996), we rejected a challenge to the constitutionality of § 922(g)(1) on the basis that neither the holding nor the reasoning in *Lopez* constitutionally invalidates § 922(g)(1).

In view of the foregoing, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED. The judgment of the district court is AFFIRMED.