# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2022

Lyle W. Cayce
Clerk

No. 21-10147
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Melvin Mark Dewayne Bowling,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:20-CR-21-1

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Melvin Mark Dewayne Bowling was convicted of: being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); and transporting a stolen firearm, in violation of 18 U.S.C. §§ 922(i) and 924(a)(2). After the district court's applying Guideline § 2K2.1(c)(1)(A)'s

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10147

(unlawful receipt, possession, or transportation of firearms) cross-reference to Guideline § 2X1.1(a) (attempt, solicitation, or conspiracy), Bowling was sentenced to, *inter alia*, 145 months' imprisonment. He asserts: the court erred in applying the Guideline § 2K2.1(c)(1)(a) cross-reference in calculating his Guidelines sentencing range; and 18 U.S.C. § 922(g) is unconstitutional.

Bowling objected to the use of the Guideline § 2K2.1(c)(1)(A) cross-reference on the ground that the firearms forming the basis for his convictions "were used in any robbery". He also objected at sentencing on the ground that he was being improperly punished "for robberies which were extraneous to" the offenses of conviction. Bowling now contends, however, that the court erred in applying Guideline § 2K2.1(c)(1)(A)'s cross-reference to Guideline § 2X1.1(a) because, by its title, that Guideline sub-section does not apply to completed offenses.

In other words, Bowling challenged in district court the application of the cross-reference on grounds distinct from the one he now presents; accordingly, review is for plain error only. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Bowling must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings". *Id.*

Bowling has not shown the court committed reversible plain error by applying Guideline § 2K2.1(c)(1)(a)'s cross-reference to a completed offense. *See United States v. Fannin*, 821 F. App'x 358, 359–60 (5th Cir. 2020) (per curiam) (applying cross-reference to completed aggravated

2

assault offense); *United States v. Edwards*, 799 F. App'x 290, 291 (5th Cir. 2020) (per curiam) (applying cross-reference to completed felony drug offense).

Finally, as Bowling correctly concedes, his challenge to the constitutionality of 18 U.S.C. § 922(g), under *United States v. Lopez*, 514 U.S. 549 (1995), is foreclosed, and he raises it only to preserve it for possible further review. *See United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999) (holding challenge to constitutionality of § 922(g) based on *Lopez* foreclosed).

AFFIRMED.