# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2024

Lyle W. Cayce

Clerk

No. 23-40608
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT LEON FRANKLIN, III,

*Defendant—Appellant*.

———————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-278-1

———————————————

Before DAVIS, SMITH, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

A jury convicted Robert Leon Franklin, III, of possessing with the intent to distribute cocaine, possessing a firearm in furtherance of a drug trafficking crime, and possessing ammunition as a convicted felon. On appeal, Franklin challenges the sufficiency of the evidence for each count. We pretermit a full discussion of the standard of review because Franklin's

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

arguments fail even under de novo review. *See United States v. Kieffer*, 991 F.3d 630, 634-35 & n.4 (5th Cir. 2021).

Here, the Government corroborated Franklin's admission to distributing cocaine with, inter alia, text messages from Franklin, a witness's testimony regarding Franklin's distribution of cocaine to herself and others, and the officers' testimony regarding how the drugs were packaged and the presence of a scale. Thus, there is sufficient evidence of Franklin's intent to distribute. *See United States v. Garth*, 773 F.2d 1469, 1479 (5th Cir. 1985). The evidence also established that the offense involved a quantity of cocaine. *See Kieffer*, 991 F.3d at 634. We also conclude that there was sufficient evidence that Franklin possessed the firearm—a readily accessible pistol located in the same vehicle as the cocaine—in furtherance of the drug trafficking crime. *See United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000); *United States v. Moya*, 18 F.4th 480, 483-84 (5th Cir. 2021).

There was also sufficient evidence that Franklin exercised control over the Dodge Durango and therefore constructively possessed the ammunition found inside it. *See United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999); *United States v. Knezek*, 964 F.2d 394, 400 (5th Cir. 1992). Multiple officers testified that Franklin was known to drive the Durango; the Durango was spotted at Franklin's residence and, subsequently, at an apartment complex in another city where Franklin was known to have traveled; and there was additional evidence inside the Durango that, when viewed in the light most favorable to the Government, supports the finding that Franklin exercised control over the Durango. *See Kieffer*, 991 F.3d at 634. Finally, Franklin contends that the Government failed to prove that the ammunition affected interstate commerce, but he correctly concedes that his contention is foreclosed. *See De Leon*, 170 F.3d at 496.

AFFIRMED.