# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2024

Lyle W. Cayce
Clerk

———————

No. 23-30488
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Derrick Estes,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-19-1

———————————————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Derrick Estes was convicted by a jury of possession with intent to distribute fentanyl and cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); possession of a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

possession with intent to distribute 40 grams or more of fentanyl and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi), and (b)(1)(C). He was then sentenced to a total of 360 months of imprisonment and four years of supervised release. On appeal, Estes contends that there is insufficient evidence in support of his convictions and that he received ineffective assistance of counsel.

Because Estes failed to challenge the sufficiency of the evidence in a motion for a judgment of acquittal, we review this issue for plain error only. *See United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). When reviewing the sufficiency of the evidence, "an error is clear or obvious only if the record is devoid of evidence pointing to guilt" or "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *Suarez*, 879 F.3d at 630-31 (internal quotation marks, brackets, and citation omitted).

To prove possession with intent to distribute in violation of § 841(a)(1), the Government must prove beyond a reasonable doubt: "1) knowledge, 2) possession, and 3) intent to distribute the controlled substances." *United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002) (internal quotation marks and citation omitted). To support a conviction for possession of a firearm in furtherance of a drug trafficking crime under § 924(c), the Government must demonstrate that the defendant had either actual or constructive possession of a firearm, and that the possession of the firearm "furthered, advanced, or helped forward the drug trafficking offense." *Suarez*, 879 F.3d at 632 (internal quotation marks, brackets, and citation omitted). To demonstrate a violation of § 922(g)(1), the Government has the burden of showing that "(1) the defendant was previously convicted of a felony, (2) the defendant knowingly possessed a

firearm, and (3) the firearm traveled in or affected interstate commerce." *United States v. Huntsberry*, 956 F.3d 270, 279 (5th Cir. 2020).

Despite his assertions to the contrary, Estes is unable to demonstrate that the record is devoid of evidence pointing to guilt or that the evidence is so tenuous as to his possession of the drugs and firearms that a conviction would be shocking. *See Suarez*, 879 F.3d at 630-31. Here the record reflects that on January 17, 2021, Estes was shot five times in the arm and back while sitting in a vehicle; that Estes and his aunt looked through the vehicle multiple times; that Estes's aunt removed a bag and an assault rifle from the vehicle; that the police found two pistols, an AK-47 rifle, and a bag containing cocaine, fentanyl, a pill bottle, and a digital scale in the same general area in a crawl space underneath Estes's aunt's residence; and that the items found underneath Estes's aunt's residence were in direct proximity to a pool of blood splatter. Moreover, testimony was offered that on February 1, 2021, police officers observed Estes driving to his residence in a yellow Fiat; that Estes was the sole occupant of the vehicle; and that upon searching the vehicle, the police discovered cocaine and more than 40 grams of fentanyl. Because constructive possession only requires "some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the illegal item," Estes is unable to demonstrate clear or obvious error. *See United States v. De Leon*, 170 F.3d 494, 497 (5th Cir. 1999) (internal quotation marks and citation omitted).

Estes also argues that he received ineffective assistance of counsel when counsel failed to move for a judgment of acquittal at the close of evidence. Typically, we do not review claims of ineffective assistance on direct appeal. *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). However, "we have considered claims concerning a failure to move for acquittal on direct appeal, reasoning that the record generally contains all of the evidence that could be developed with respect to the defendant's claim

that his trial counsel was ineffective." *United States v. Pringler*, 765 F.3d 445, 450 n.1 (5th Cir. 2014).

To prove ineffective assistance of counsel, a defendant must show that his attorney's performance was objectively unreasonable and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A preserved challenge to the sufficiency of the evidence is reviewed de novo for whether a reasonable jury could have found that the evidence established the defendant's guilt beyond a reasonable doubt. *United States v. Barnes*, 803 F.3d 209, 215 (5th Cir. 2015). There was ample evidence of Estes's guilt. Thus, viewing the evidence discussed above in the light most favorable to the Government, a reasonable jury could conclude beyond a reasonable doubt that Estes knew of or had access to the drugs and firearms found underneath his aunt's residence and in the yellow Fiat. *See United States v. Masha*, 990 F.3d 436, 442 (5th Cir. 2021). Accordingly, Estes is unable to demonstrate that he was prejudiced by counsel's failure to move for a judgment of acquittal. *See Strickland*, 466 U.S. at 694.

In light of the foregoing, the judgment is AFFIRMED.