# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2025

Lyle W. Cayce
Clerk

No. 23-40692

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARMANDO ALBA-HERNANDEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:23-CR-61-1

Before KING, SMITH, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

When he possessed a firearm on January 3 and 4, 2023, Armando Alba-Hernandez was on supervised release for a 2019 felony conviction for illegal reentry. At a bench trial based on stipulated facts, the district court found him guilty of possessing a firearm as a felon under 18 U.S.C. § 922(g)(1).

He raises four issues on appeal, all of which, he concedes, are fore-

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-40692

closed by our precedent.

Because Alba-Hernandez was on supervised release for illegal reentry, his as-applied Second Amendment challenge to § 922(g)(1) fails under *United States v. Kimble*, 142 F.4th 308, 312 (5th Cir. 2025).

His facial Second Amendment challenge to § 922(g)(1) fails under *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 U.S. LEXIS 2453 (U.S. June 23, 2025) (mem.).

His "equal protection principle" challenge under the Fifth Amendment fails per *United States v. Goody*, ---- F.4th ----, ----, No. 23-20471, 2025 U.S. App. LEXIS 17354, at *4–5 (5th Cir. July 14, 2025) (per curiam).

And his Commerce Clause challenge to § 922(g)(1) fails under *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999), and *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).

AFFIRMED.