# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2025

Lyle W. Cayce
Clerk

No. 24-40173

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMYIA ROCLAUN STANFIELD,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:23-CR-706-1

Before HIGGINSON, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Jamyia Roclaun Stanfield was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His prior felony convictions include (1) unlawful possession of a controlled substance; (2) unlawful delivery of a controlled substance; (3) unlawful possession of a firearm by a felon; and (4) possession of a controlled substance with the intent to deliver.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40173

Stanfield raises four challenges to § 922(g)(1) on appeal. As Stanfield concedes, all of his arguments are foreclosed by our precedent.

First, Stanfield's facial Second Amendment challenge to § 922(g)(1) is foreclosed by *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *cert. denied*, No. 24-6625, ____ S. Ct. ____, 2025 WL 1727419 (U.S. June 23, 2025) (mem.).

Second, Stanfield's as-applied Second Amendment challenge to § 922(g)(1) is foreclosed by *United States v. Kimble*, 142 F.4th 308, 317–18 (5th Cir. 2025). Under *Kimble*, "[Stanfield's] conviction accords with the Second Amendment because Congress can categorically disarm individuals convicted of violent felonies like drug trafficking. That conclusion does not depend on an individualized assessment that [Stanfield] is dangerous." *Id.* at 318.

Third, Stanfield's "equal protection" challenge to § 922(g)(1) under the Fifth Amendment is foreclosed by *United States v. Goody*, 143 F.4th 617, 619 (5th Cir. 2025) (per curiam).

And finally, Stanfield's Commerce Clause challenge to § 922(g)(1) is foreclosed by *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999), and *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013).

AFFIRMED.