IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-40914
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY DALE WILSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-64-ALL
--------------------
March 18, 2003

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Troy Dale Wilson appeals his conviction and sentence after a jury trial for being a felon in possession of a firearm. Wilson was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). He contends that 18 U.S.C. § 922(g) is unconstitutional because the nexus between the act and interstate commerce is minimal. Wilson concedes that this argument is foreclosed by

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circuit precedent but raises it to preserve possible review by the Supreme Court. He also contends that the evidence was insufficient to establish his possession of the firearm and that the ACCA violates the Eighth Amendment's prohibition against cruel and unusual punishment and is void for vagueness under the Due Process Clause.

As this court has repeatedly recognized, the constitutionality of 18 U.S.C. § 922(g) is not open to question. United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002). Wilson has not adequately briefed his remaining two arguments. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Even if we were to reach these arguments, they lack merit. There was ample evidence to support Wilson's possession of the firearm, and the ACCA does not violate either the Eighth Amendment or the Due Process Clause. See Harmelin v. Michigan, 501 U.S. 957, 994 (1991); Kolender v. Lawson, 461 U.S. 352, 357 (1983); United States v. De Leon, 170 F.3d 494, 496 (5th Cir. 1999); United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000).

**AFFIRMED**.