United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20497
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSE PERALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-659-ALL
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesse Perales pleaded guilty to one charge of being a felon in possession of a firearm, and the district court sentenced him to 57 months in prison and a three-year term of supervised release.  Perales now appeals his conviction and sentence.

Perales argues for the first time on appeal that the statute of conviction, 18 U.S.C. § 922(g)(1), is unconstitutional because it does not require a substantial effect on interstate commerce and is thus an improper exercise of Congress's power under the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Commerce Clause. This argument is unavailing. "This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question." United States v. De Leon, 170 F.3d 494, 499 (5th Cir. 1999).

Perales also argues that the district court's inclusion of a written condition of supervised release prohibiting him from possessing a dangerous weapon must be stricken because it conflicts with the district court's oral pronouncement of sentence. This issue has already been decided adversely to Perales. See United States v. Torres-Aquilar, 352 F.3d 934, 937-38 (5th Cir. 2003).

Perales has shown no error in connection with his conviction and sentence. Accordingly, the judgment of the district court is AFFIRMED.