United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-60983

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMMY TATE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi

(3:02-CR-13-BN-1)

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

A jury convicted Sammy Tate of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Tate asserts on appeal (1) that there is insufficient evidence to support the verdict and (2) that the district court plainly erred by admitting his disputed admission of ownership of the firearm, which he asserts was taken in violation of his *Miranda* rights. In response, the government contends that the evidence was sufficient

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to support the conviction, and any error by admitting Tate's disputed admission cannot satisfy the plain error standard of review. For the following reasons, we AFFIRM.

I

In reviewing a sufficiency of evidence claim of error, we view the evidence in the light most favorable to the government and draw all reasonable inferences in favor of the jury's verdict.[1] "[W]e determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] It is the "sole province of the jury to weigh evidence and credibility of the witnesses."[3] Although prior constructive possession cases are illustrative, we must independently examine the merits of constructive possession cases using a "commonsense, fact-specific approach."[4]

A

To convict a defendant under 18 U.S.C. § 922(g)(1), the government must prove (1) that the defendant had been convicted of a felony; (2) that he knowingly possessed the firearm; and (3) that

_____

[1] *United States v. Smith*, 930 F.2d 1081, 1085 (5th Cir. 1991).

[2] *Id.*

[3] *United States v. Davis*, 752 F.2d 963, 968 (5th Cir. 1985).

[4] *Smith*, 930 F.2d at 1086; *United State v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993).

2

the firearm traveled in or affected interstate commerce.[5] The possession may be actual or constructive.[6] "Constructive possession is the ownership, dominion or control over an illegal item itself or dominion or control over the premises in which the item is found."[7] Constructive possession may be proven through circumstantial evidence.[8]

Dominion or control over the premises may be shown by the presence of the defendant's personal belongings in the house.[9] The presence of documents that are "sensitive and highly personal in nature," like a parole document, and evidence that a defendant could "come and go as he pleased" can indicate dominion over a residence.[10] That a defendant does not live at the residence does not necessarily negate constructive possession.[11] Dominion or control over the illegal item may be shown by "the defendant's access to the dwelling where the item is found, [and] whether the defendant had knowledge that the illegal item was present."[12]

---

[5] 18 U.S.C. § 922(g)(1); *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999).

[6] *De Leon*, 170 F.3d at 496.

[7] *Id.*

[8] *Id.*

[9] *United State v. Onick*, 889 F.2d 1425, 1430 (5th Cir. 1989).

[10] *De Leon*, 170 F.3d at 497.

[11] *Id.* at 496; *Onick*, 889 F.2d at 1431 n.2.

[12] *De Leon*, 170 F.3d at 497.

Proving constructive possession is more difficult when a residence is occupied by multiple people. "[M]ere control or dominion over the place in which contraband or an illegal item is found by itself is not enough to establish constructive possession when there is joint occupancy of a place."[13] Constructive possession is established in joint-occupancy cases "only when there was some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon or contraband."[14] The presence of a firearm in plain view may indicate the requisite knowledge and access for constructive possession.[15]

B

Tate concedes that he is a felon and that the gun traveled in interstate commerce. The only issue is whether a reasonable trier of fact could have found constructive possession beyond a reasonable doubt. Tate contends that a reasonable trier of fact could not have found constructive possession, asserting that the only evidence presented on the issue was that he occasionally visited the residence where the gun was found, sometimes spent the night, and allegedly admitted ownership of the gun. Tate relies on *United States v. Mergerson*, a joint-occupancy case, asserting that

---

[13] *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993).

[14] *Id.*

[15] *United States v. McKnight*, 953 F.2d 898, 902 (5th Cir. 1992); *Smith*, 930 F.2d at 1086.

the panel there found insufficient evidence to convict the defendant as a felon-in-possession largely because the defendant was not the owner of the gun. He seeks the same result because he was not the owner of the gun. Given that he did not own the gun and that the evidence indicated his infrequent stays at the house, Tate asserts that there is legally insufficient evidence to support his conviction.

A review of the testimony and evidence illustrates that Tate is understating the amount of evidence presented to the jury. In addition to evidence that Tate occasionally stayed at the house and his disputed admission of ownership of the rifle, the jury considered (1) Tate's admission that he knew the gun was brought into the home; (2) that the rifle was found in plain view; (3) that Tate received official mail at the house, including one piece sent by the Social Security Administration arriving two days before the search; and (4) that Tate's mail was found in the same room as the rifle.

A reasonable trier of fact could find that Tate had dominion over the premises.[16] It is undisputed that Tate came and went as he pleased. He received personal mail at the house and listed the house as his address when applying for disability payments. His girlfriend testified that he kept some personal belongings there.

---

[16] *Onick*, 889 F.2d at 1430-31; *De Leon*, 170 F.3d at 496-97.

Despite Tate's claim that his lack of ownership of the home is dispositive, *Mergerson* does not support his argument. The panel in *Mergerson* first noted that the weapon at issue was concealed under a bedroom mattress, unlike the weapons in *Smith* and *McKnight* that were in plain view.[17] The court also noted that a receipt for the weapon indicated that the defendant's girlfriend bought the weapon before Mergerson moved into the apartment.[18] The court held the evidence to be legally insufficient to support the conviction because "the weapon was not in plain view and there were no other circumstantial indicia that established that Mergerson even knew of the weapon."[19]

In contrast, the evidence in this case could lead a reasonable trier of fact to conclude that Tate knew of and had access to the weapon. By his own admission, Tate knew the rifle was brought to the home by his nephew and that ownership of the rifle passed to his son when his nephew died. He knew that his son, the owner of the rifle, continued to live in the house. The evidence also indicated that the rifle was not hidden in any way; it was lying against the outside door of a closet. Further, the weapon is a rifle, not a handgun, making it less likely that one could stay in the house but not have knowledge of its presence. The rifle was in

---

[17] *Mergerson*, 4 F.3d at 349.

[18] *Id* at 348-49.

[19] *Id*. at 349.

plain view, indicating Tate's access to and knowledge of the weapon.[20] The rifle was located next to a stack of Tate's personal mail.

The jury considered this evidence and Tate's testimony, including the disputed admission of ownership and his alleged ignorance of the gun's presence. It is for the jury to make credibility determinations and weigh the evidence. Considering the evidence in its totality and keeping the standard of review in mind, the evidence presented in this case could lead a reasonable trier of fact to find constructive possession beyond a reasonable doubt.

## II

Tate's second claim of error is that the district court plainly erred in admitting Detective Harris's testimony regarding Tate's admission of ownership of the rifle. Tate asserts that his alleged admission occurred during a custodial interrogation, but before he was informed of his *Miranda* rights. He contends that the improper admission of his alleged statement resulted in reversible, plain error.

Tate did not object to the admission of Detective Harris's testimony at trial; therefore, we review for plain error.[21] To

---

[20] *See McKnight*, 953 F.2d at 902-03; *see also Smith*, 930 F.2d at 1086.

[21] *Industrias Magromer Cueros y Pieles S.A. v. Louisiana Bayou Furs Inc.*, 293 F.3d 912, 921 (5th Cir. 2002).

satisfy the plain error standard, "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affects substantial rights.'"[22] To affect a defendant's substantial rights, the error "must have affected the outcome of the district court proceedings."[23] The question becomes "whether there was any evidence to support the jury verdict."[24] If these conditions are met, we may consider the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."[25]

We need not resolve whether the statement was erroneously admitted because Tate cannot satisfy the plain error standard of review. Tate provides only conclusory assertions that the error must have affected the outcome of the case. He does not explain why the remaining evidence of (1) his occasional residence at the house, (2) his knowledge that the rifle was brought to the house by his nephew and then passed to his son, (3) the gun's presence in plain view, and (4) his personal mail located in the same room as the rifle cannot support the conviction. This accumulation of evidence appears sufficient to support the jury's conclusion that Tate had knowledge of and access to the rifle. Furthermore, Tate does not explain why this error, even if plain and affecting

---

[22] *United States v. Cotton*, 535 U.S. 625, 626 (2002) (internal quotation marks omitted).

[23] *Id.*

[24] *Industrias*, 293 F.3d at 921.

[25] *Cotton*, 535 U.S. at 626.

8

substantial rights, affects the fairness, integrity, and public reputation of judicial proceedings.

Given that the plain error standard of review cannot be satisfied, Tate's second point of error does not justify reversal.

III

For these reasons, we AFFIRM Tate's conviction.