United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-30032
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CONTRELL COLEMAN,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50085
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Contrell Coleman appeals his convictions following a jury
trial for possession with intent to distribute 50 grams or more
of cocaine base in violation of 21 U.S.C. § 841(a)(1) and
(b)(1)(A)(iii), possession of a firearm during and in relation to
a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1),
and possession of a firearm by a convicted felon in violation of
18 U.S.C. § 922(g)(1).  He argues that the evidence was
insufficient to support his convictions.

--------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The evidence established that a large amount of drugs and a firearm were seized by law enforcement officers from the master bedroom of an apartment that was jointly occupied by Coleman and others.  The bedroom was used by Coleman and his girlfriend, and Coleman's girlfriend testified that the drugs and firearm belonged to Coleman.  The drugs were individually packaged and a representative number of the packages were tested and found to contain cocaine base.  The net weight of the packages was more than 50 grams.  There was nothing in the evidence to indicate that the individually wrapped packages did not contain the same substance or that the samples tested by the expert were not representative of the all of the packages seized.  Accordingly, after viewing the evidence in the light most favorable to the Government with all reasonable inferences being made in support of the jury's verdict, we conclude that the evidence was sufficient to show that Coleman knowingly possessed 50 grams or more of cocaine base with the intent to distribute it.  See United States v. Moser, 123 F.3d 813, 819 (5th Cir. 1997); United States v. Miller, 146 F.3d 274, 280 (5th Cir. 1998); United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993); see also United States v. Polk, 56 F.3d 613, 620 (5th Cir. 1995).

The evidence also established that the firearm was found on top of Coleman's identification card in the same dresser where the drugs were found, that Coleman was possessing the firearm illegally because he had a prior conviction, and that the firearm

was on top of two magazines loaded with ammunition.  Thus, the evidence was sufficient to show that Coleman possessed the firearm in furtherance of a drug trafficking offense.  See United States v. Ceballos-Torres, 218 F.3d 409, 410-11, 414-15 (5th Cir.), amended in other part, 226 F.3d 651 (5th Cir. 2000).

Given the above-noted evidence and Coleman's stipulations that he was a convicted felon at the time of his arrest and that the firearm in question had traveled in interstate commerce, there was sufficient evidence to convict him of being a felon in possession of a firearm.  See United States v. Ybarra, 70 F.3d 362, 365 (5th Cir. 1995); United States v. De Leon, 170 F.3d 494, 496 (5th Cir. 1999).  Coleman's convictions are therefore AFFIRMED.