# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-50736
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAY LEN BROOKS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-13-ALL

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ray Len Brooks was indicted for possession with intent to distribute methamphetamine (count 1); possession of a firearm during the commission of a drug trafficking crime (count 2); and possession of a firearm by a convicted felon (counts 3 and 4). Brooks pled guilty to counts 1 and 4. Count 3 was eventually dismissed. Count 2 proceeded to trial. The jury found Brooks guilty. Brooks contends that the evidence introduced at trial was insufficient to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

establish that he possessed a firearm during the commission of a drug trafficking crime.

Because Brooks properly moved for judgment of acquittal, "preserving his sufficiency claim for appellate review," United States v. Ferguson, 211 F.3d 878, 882 (5th Cir. 2000), we review the denial of a motion for a judgment of acquittal de novo. Id. "In evaluating the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence in support of the verdict, a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." Id.

Brooks pled guilty to possession with intent to distribute methamphetamine and to being a felon in possession of a firearm. Thus, the evidence proved that he was distributing methamphetamine and possessed the firearm illegally. The evidence further proved that the loaded firearm was located in a desk that also contained methamphetamine, scales, pipes, and packaging materials. The evidence also proved that the firearm was in close proximity to a package of methamphetamine left by Brooks in his apartment's mail slot for a buyer. Brooks' insufficient evidence claim is unavailing. See United States v. Charles, 469 F.3d 402, 406-07 (5th Cir. 2006); United States v. Ceballos-Torres, 218 F.3d 409, 410-11 (5th Cir. 2000); see also United States v. Coleman, 145 Fed. Appx. 859, 860 (5th Cir. 2005) (unpublished per curiam) (firearm was in the same dresser as the drugs, "[Defendant] was possessing the firearm illegally because he had a prior conviction," and the firearm was located by two loaded magazines).

AFFIRMED.