United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50978
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

LEYUMBA WEBB,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CR-301-ALL
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     Leyumba Webb ("Webb") appeals his jury trial conviction for possession with intent to distribute crack cocaine.  Webb argues that the evidence was insufficient to support his conviction and that his trial counsel was ineffective for failing to present evidence of standing at the hearing on his motion to suppress.

     As Webb moved for a judgment of acquittal at the close of the Government's case and at the close of the evidence, the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

standard of review in assessing his sufficiency challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence presented at trial was sufficient for the jury to reasonably infer that Webb exercised control or dominion over the trailer in which the crack cocaine was found. See United States v. De Leon, 170 F.3d 494, 497 (5th Cir. 1999). The evidence, taken as a whole, was also sufficient to raise a reasonable inference that Webb knew of and had access to the crack cocaine. See United States v. Onick, 889 F.2d 1425, 1430 (5th Cir. 1990); United States v. Smith, 930 F.2d 1081, 1086 (5th Cir. 1991); see also De Leon, 170 F.3d at 497 ("the sum of the evidence may be greater than the individual factors"). Accordingly, the evidence was sufficient to support Webb's conviction. See United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993).

We generally do not resolve claims of ineffective assistance of counsel on direct appeal because the record is rarely sufficiently developed. United States v. Haese, 162 F.3d 359, 363 (5th Cir. 1998). As Webb's counsel was not questioned under oath about his allegedly ineffective assistance and the district court did not make factual findings regarding the alleged ineffective assistance of counsel, the record is insufficient for us to consider Webb's claim on direct appeal. See United States

v. Kizzee, 150 F.3d 497, 502-03 (5th Cir. 1998).  Accordingly, the judgment of conviction is AFFIRMED without prejudice to Webb's right to raise his ineffective assistance of counsel claim in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  We express no view on the merits of such a motion.