United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-50978
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEYUMBA WEBB,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas, Austin
USDC No. A-02-CR-301-ALL

_____

ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES

Before JOLLY and WIENER, Circuit Judges.[1]

PER CURIAM:[2]

This court affirmed Leyumba Webb's conviction and sentence.

United States v. Webb, 96 Fed. Appx. 259 (5th Cir. 2004).  The

Supreme Court vacated and remanded for further consideration in the

light of United States v. Booker, 125 S.Ct. 738 (2005).  Webb v.

United States, 125 S.Ct. 1006 (2005).  At this court's request,

_____

[1]Judge Pickering was a member of the original panel but retired from the Court on December 8, 2004 and, therefore, did not participate in this decision.

[2]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Webb filed a supplemental letter brief addressing the impact of Booker. The Government filed a motion to reinstate our prior affirmance of Webb's conviction and sentence or, alternatively, to extend the time to file its supplemental letter brief.

In his supplemental brief, Webb argues that the district court erred by sentencing him under mandatory sentencing guidelines and by enhancing his sentence on the basis of facts not alleged in the indictment and found by a jury. He asserts that he preserved a Booker claim by arguing during his sentencing hearing that the court should depart downward because "courts have taken the liberty of adjusting the [sic] downward when they see what could be just an unreasonable application or some application of the sentencing guidelines that aren't rational." We disagree that this objection was adequate to preserve a Booker claim. A request for a downward departure is not the equivalent of an objection to the application of mandatory Sentencing Guidelines or an objection on Sixth Amendment grounds. See United States v. Garcia-Rodriguez, 415 F.3d 452 (5th Cir. 2005) (district court had denied defendant's request for downward departure, but court reviewed Booker claim for plain error).

Webb concedes that he did not raise a Booker issue on direct appeal, but instead did so in his "Supplemental Brief to Petition for Writ of Certiorari." This court has held that, in the absence of extraordinary circumstances, the court will not consider Booker-related arguments raised for the first time in a petition for a

writ of certiorari. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

Because Webb did not raise his Booker-related arguments in the district court, we would have reviewed them for plain error had he raised them for the first time on direct appeal. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S.Ct. 43 (2005). Under the plain error standard, we may correct an error in Webb's sentence only if he demonstrates that "there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal citations and quotation marks omitted). The first two prongs are satisfied here, because Webb was sentenced based on facts found by the judge but not by the jury under mandatory Sentencing Guidelines. See United States v. Creech, 408 F.3d 264, 271-72 (5th Cir. 2005).

To satisfy the third prong of the plain error test, Webb must show, "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." United States v. Infante, 404 F.3d 376, 394-95 (5th Cir. 2005). Webb argues that the following circumstances indicate that there is a "possibility" of a lower sentence under advisory Guidelines:

3

(1) the district court observed at sentencing that, "based on a rather peculiar quirk in the guidelines which provide that if someone has two or more convictions of a certain kind and is convicted of a drug offense, then the guidelines classify him or her as a career offender and the guidelines jump way up";

(2) the district court recognized the rather small quantity of drugs at issue in this case -- just over three grams;

(3) the district court noted that Webb was only 19 years old when he was convicted of deadly conduct (one of the prior offenses supporting the career offender enhancement)

(4) the district court's imposition of the lowest possible sentence under the Guidelines indicates a willingness to impose an even lower sentence under a non-mandatory interpretation of the Guidelines;

(5) the statutory directive to sentencing courts to avoid unwarranted sentencing disparities, 18 U.S.C. § 3553(a)(6), indicates the possibility that his sentence would be less if the court remanded for resentencing because the 1-100 quantity ration of cocaine-base to cocaine powder in the Guidelines leads to unwarranted sentencing disparity; and

(6) the Sentencing Commission has recognized that the career offender provision has a disparate impact on minority defendants that is not justified by recidivism rates because it includes drug trafficking crimes as criteria for its application.

Webb has not demonstrated "that the result would have likely been different had the judge been sentencing under the Booker advisory regime rather than the pre-Booker mandatory regime." Mares, 402 F.3d at 522. See Creech, 408 F.3d at 272 (sentencing judge's explanations of mandatory nature of the Guidelines and summary of sentencing law is not indicative of judge's desire to sentence differently under advisory Guidelines); United States v. Bringier, 405 F.3d 310, 317-18 & n.4 (5th Cir.) (sentencing judge's acknowledgment that sentence was "harsh", and fact that sentencing judge imposed minimum sentence under guideline range is not an "indication that the judge would have reached a different conclusion under an advisory scheme"), cert. denied, 126 S.Ct. 264 (2005); see also United States v. Hernandez-Gonzalez, 405 F.3d 260, 262 (5th Cir.) (fact that defendant received minimum sentence under Guidelines, and evidence that defendant suffered from alcohol abuse problem that was responsible for much of his criminal history and that he returned illegally to the United States to earn money for his family in Honduras was insufficient to demonstrate that sentencing judge would have imposed lower sentence under advisory guidelines), cert. denied, 126 U.S. 202 (2005).

Webb cannot show that his substantial rights were affected by the Booker errors, and thus he cannot satisfy the plain error standard. It necessarily follows that he cannot satisfy "the much more demanding standard for extraordinary circumstances, warranting

5

review of an issue raised for the first time in a petition for certiorari." <u>Taylor</u>, 409 F.3d at 677.

For the foregoing reasons, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case. We therefore GRANT the Government's motion to reinstate our judgment affirming Webb's conviction and sentence, and DENY as unnecessary its alternative motion for an extension of time to file its supplemental letter brief.

JUDGMENT REINSTATED.