**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2011

No. 10-50980
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES WILLIAM PERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-387-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James William Perry appeals the 120-month non-guidelines sentence imposed following his guilty plea conviction for felony possession of a firearm. He argues that his sentence, which was the result of an upward variance from the recommended guidelines range of 77 to 96 months, is substantively unreasonable because he did not possess the firearm that was the subject of the instant offense in relation to any other felony, he was cooperative with the officer during the traffic stop that led to the instant conviction, most of his violent prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50980

convictions took place when he was younger, he is 46 years old, and he is a skilled auto mechanic.

Perry also argues that 18 U.S.C. § 922(g)(1) unconstitutionally extends federal control to possession of a firearm that does not substantially affect interstate commerce. He concedes, however, that his constitutional argument is foreclosed by our precedent. *See United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir. 2001); *United States v. De Leon,* 170 F.3d 494, 499 (5th Cir. 1999); *United States v. Rawls,* 85 F.3d 240, 242 (5th Cir. 1996).

We consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The district court was aware of the above-noted mitigating facts advanced by Perry; however, it weighed those facts against his propensity for recidivism as demonstrated by his extensive criminal history, the fact that he continued to abuse drugs despite his many drug-related convictions, and the fact that the instant offense involved Perry driving while intoxicated and while possessing a loaded weapon and methamphetamine. The district court also cited specific 18 U.S.C. § 3553(a) factors as support for Perry's non-guidelines sentence.

Perry's sentence does not unreasonably fail to reflect the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Moreover, the extent of the variance is not unreasonable. *See, e.g., United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008). As the district court did not abuse its discretion in imposing a sentence that was outside of the recommended guidelines range, *see Gall*, 552 U.S. at 51, the district court's judgment is AFFIRMED.