# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 6, 2012

Lyle W. Cayce
Clerk

No. 11-10391
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY DALE WHITLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:04-CR-7-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rodney Dale Whitley was convicted by a jury of possession of methamphetamine and marijuana with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. The charges were based on evidence discovered during a traffic stop. The firearm and 2.49 pounds of marijuana were found in a closed ice chest which was on the rear floorboard, directly behind Whitley, who was in the front passenger's seat.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10391

Whitley argues that the district court constructively amended the indictment by permitting the jury to convict him of Counts Three and Four absent proof that the firearm found in the ice chest was the same firearm specified in the indictment. He notes that the firearm found in the ice chest was not introduced at trial and that there was no evidence to show that the firearm in question had the same serial number or that it was the same make or model as the firearm identified in the indictment.

We review Whitley's constructive amendment challenge for plain error because he failed to raise the issue in the district court. *See United States v. Bohuchot*, 625 F.3d 892, 897 (5th Cir. 2010). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

"[N]o constructive amendment arises where the evidence proves facts different from those alleged in the indictment, but does not modify an essential element of the charged offense." *United States v. Munoz*, 150 F.3d 401, 417 (5th Cir. 1998) (internal quotation marks and citation omitted). Whitley's firearms convictions require nothing more than that he be in possession of a firearm. *See id.*; 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A). Whitley has failed to satisfy the plain error standard. *See Puckett*, 129 S. Ct. at 1429.

Whitley contends that the evidence was insufficient to support his firearms convictions. He argues that there was not sufficient proof to show that he possessed the firearm found in the ice chest. "When reviewing challenges to the sufficiency of evidence supporting a conviction, we view the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, and determine whether a reasonable jury could have found the essential

elements beyond a reasonable doubt." *United States v. Rains*, 615 F.3d 589, 592 (5th Cir. 2010).

Possession of a firearm may be "actual" or "constructive" and may be proven by circumstantial evidence. *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999). Where there is joint occupancy or control, the Government must, in addition to showing control over the place where the item was found, present evidence to support at least a plausible inference that the defendant knew of the item itself. *See De Leon*, 170 F.3d at 497. This court applies "a common sense, fact-specific approach" to a determination whether constructive possession exists. *United States v. Wright*, 24 F.3d 732, 735 (5th Cir. 1994).

We have no difficulty concluding that the Government presented sufficient evidence to establish Whitley's constructive possession. Testimony showed that, approximately three weeks prior to the traffic stop, a rifle was present in Whitley's residence, as were quantities of marijuana and methamphetamine. The jury was permitted to consider evidence of Whitley's knowledge and intent in determining whether Whitley constructively possessed the firearm in the ice chest. *See United States v. Williams*, 620 F.3d 483, 491 (5th Cir. 2010); *United States v. Jones*, 484 F.3d 783, 788 (5th Cir. 2007). There was also testimony to the effect that Whitley told an implausible story to the trooper who stopped the vehicle; this may be regarded as evidence of his guilty knowledge of contraband within the vehicle. *See United States v. Ortega Reyna*, 148 F.3d 540, 544 (5th Cir. 1998). Further, the evidence showed that the trooper detected an odor of marijuana as he approached the passenger's side of the vehicle, where Whitley was seated; the jury therefore could have reasonably inferred that Whitley was aware of the contents of the ice chest, which included the firearm found on top of the marijuana. *See United States v. Lopez*, 74 F.3d 575, 578 (5th Cir. 1996).

Whitley challenges the district court's admission of testimony by the trooper who stopped the vehicle, arguing that there are several instances of improper opinion testimony. He also contends that the testimony of the

No. 11-10391

Government's expert witness was improper because it constituted drug courier profile testimony and expert opinion testimony on the ultimate issues for the jury. The above challenges are subject to plain error review given Whitley's failure to raise the issues in the district court. *See United States v. Morin*, 627 F.3d at 998 (5th Cir. 2010); *United States v. Green*, 324 F.3d 375, 381 (5th Cir. 2003). In view of the substantial evidence of his guilt, Whitley has failed to meet his burden to demonstrate an entitlement to relief under the plain error standard. *See Puckett*, 129 S. Ct. at 1429.

Finally, for the first time on appeal, Whitley challenges the imposition of a four-level enhancement under U.S.S.G. § 2K2.1(b), which applies where a defendant possessed any firearm in connection with another felony offense. His contentions regarding the enhancement attack the determination that he possessed the firearm in the ice chest and are virtually indistinguishable from his arguments concerning the sufficiency of the evidence to show that he possessed that firearm. In view of our determination that the evidence was sufficient to support the jury's determination that Whitley was in constructive possession of the firearm found in the ice chest, Whitley's challenge to the enhancement for possession of a firearm in connection with another felony offense fails to satisfy the applicable plain error standard. *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.

4