# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 17, 2013

No. 12-40352
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN JESUS ACEVEDO-GALLEGOS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1586-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan Jesus Acevedo-Gallegos was convicted of unlawfully receiving a firearm while under a felony indictment, and sentenced to 45 months' imprisonment, with three years' supervised release. Acevedo first claims the conviction statute, 18 U.S.C. § 922(n), is unconstitutional, both on its face and as applied to him, because it does not require a significant effect on interstate commerce and, alternately, because no such effect has been shown here. Acevedo concedes, however, that similar arguments have been repeatedly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rejected with respect to 18 U.S.C. § 922(g), which has a jurisdictional nexus requirement virtually identical to that for § 922(n). *E.g.*, *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999). The same reasoning applies here and renders Acevedo's challenge unavailing. *Id.* (Along that line, he states this issue is raised only to preserve it for possible further review.)

Alternatively, Acevedo contends his sentence should be overturned because: the district court did not sufficiently explain its imposing supervised release; it did not give notice of intent to depart from the advisory Guidelines by imposing supervised release; and it did not afford sufficient weight to the Guidelines' preference for no term of supervised release for those who, like Acevedo, will probably be deported.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Because Acevedo failed to present his contentions in district court, review is only for plain error. *E.g.*, *United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). For reversible plain error, Acevedo must show, *inter alia*, a forfeited error that is clear or obvious. *Puckett v. United States*, 556 U.S. 129, 135 (2009). He fails to do so.

Because the three-years' supervised release imposed by the district court was within Acevedo's statutory and advisory Guidelines sentencing range, it was not a sentencing departure. *E.g.*, *Dominguez-Alvarado*, 695 F.3d at 329 (use of "ordinary" in Guideline § 5D1.1(c) considered "hortatory not mandatory"; imposing

supervised release within statutory and advisory Guideline sentencing range does not trigger departure analysis). When considered as a whole, the district court's "particularized remark[s]" at sentencing demonstrate it wished for the sentence to promote deterrence and protection in the light of Acevedo's history and characteristics. *Id.* at 329-30. This justified imposition of supervised release.

AFFIRMED.