# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50118
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

OSCAR RAUL MORA, Also Known as Raul Ramirez,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:17-CR-1092-1

Before SMITH, ELROD, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Oscar Mora appeals his conviction of possession of a firearm by a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Relying on *United States v. Lopez*, 514 U.S. 549 (1995), and *National Federation of Independent Business v. Sebelius (NFIB)*, 567 U.S. 519 (2012), Mora urges that § 922(g)(1) unconstitutionally extends federal control to non-commercial possession of a firearm.  Mora concedes, however, that his position is foreclosed by circuit precedent, and he raises the issue to preserve it for Supreme Court review.

The government has filed an unopposed motion for summary affirmance, requesting alternatively an extension of time to file its brief.  The government asserts that the parties agree that, under circuit precedent, Mora's challenge to the constitutionality of § 922(g) is foreclosed.  Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

"This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question."  *United States v. de Leon*, 170 F.3d 494, 499 (5th Cir. 1999); *see also United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).  In *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996), we rejected a challenge to the constitutionality of § 922(g)(1), finding that neither the holding nor the reasoning in *Lopez* constitutionally invalidates § 922(g)(1).

The motion for summary affirmance is GRANTED.  The alternative motion for an extension is DENIED.  The judgment is AFFIRMED.