# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2019

Lyle W. Cayce
Clerk

No. 19-50081
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUCIANO DIAZ-CONTRERAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-113-2

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Luciano Diaz-Contreras pleaded guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Relying primarily on *United States v. Lopez*, 514 U.S. 549 (1995), Diaz-Contreras contends that § 922(g)(1) unconstitutionally extends federal control to firearm possession that does not substantially affect interstate commerce. He concedes, however,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50081

that his argument is foreclosed by circuit precedent, and he raises the issue to preserve it for Supreme Court review.

The Government has filed an unopposed motion for summary affirmance; in the alternative, it requests an extension of time to file its brief. The Government agrees with Diaz-Contreras that, under circuit precedent, Diaz-Contreras's challenge to the constitutionality of § 922(g)(1) is foreclosed. Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

This court has held that § 922(g) can constitutionally be applied if a firearm has traveled across state lines. *See United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996). "[T]he constitutionality of § 922(g)(1) is not open to question." *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999).

The Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED. The judgment of the district court is AFFIRMED.