# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50972
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 29, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

v.

BRANDON JOE PEREZ, also known as Brandon Perez,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-67-1

Before OWEN, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

Brandon Joe Perez appeals his guilty plea conviction of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Relying on *United States v. Lopez*, 514 U.S. 549 (1995) and *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), he argues that § 922(g)(1) unconstitutionally extends federal control to the mere non-commercial possession of a firearm. Perez concedes, however, that his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument is foreclosed by circuit precedent, and he raises the issue to preserve it for Supreme Court  review.

The Government has filed an unopposed motion for summary affirmance, requesting alternatively an extension of time to file its brief.  The Government asserts that the parties agree that, under circuit precedent, Perez's challenge to the constitutionality of § 922(g) is foreclosed.  Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

"This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question." *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999); *see also United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).  In *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996), we rejected a challenge to the constitutionality of § 922(g)(1), finding that neither the holding nor the reasoning in *Lopez* constitutionally invalidates § 922(g)(1).

In view of the foregoing, the Government's motion for summary affirmance is GRANTED.   The Government's alternative motion for an extension of time to file a brief is DENIED.  The judgment of the district court is AFFIRMED.