# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50181
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TAMARIS LEE WEAVER, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CR-131-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Tamaris Lee Weaver, Jr., appeals his guilty plea conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Relying on *United States v. Lopez*, 514 U.S. 549 (1995), and *National Federation of Independent Business v. Sebelius* (*NFIB*), 567 U.S. 519 (2012), he argues that § 922(g)(1) unconstitutionally extends federal control over the non-commercial possession of a firearm. Weaver concedes that his argument is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50181

foreclosed by circuit precedent, and he raises the issue to preserve it for Supreme Court review.

The Government has filed an unopposed motion for summary affirmance and an alternative request for an extension of time to file its brief. The Government asserts that the parties agree that, under circuit precedent, Weaver's challenge to the constitutionality of § 922(g) is foreclosed. Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

"This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question." *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999). In *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996), we rejected a challenge to the constitutionality of § 922(g)(1), finding that neither the holding nor the reasoning in *Lopez* constitutionally invalidates § 922(g)(1). *See also United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013) (concluding that *NFIB* did not overrule this court's precedent as to the constitutionality of § 922(g)(1)).

In view of the foregoing, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED. The judgment of the district court is AFFIRMED.