# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2020

Lyle W. Cayce
Clerk

No. 19-50630
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GLENN RAY MCGARITY, JR., also known as Michael Lewis, also known as Glenn Ray McGarity, also known as Glenn McGarity, also known as Glenn McGarity, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-436-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Glenn Ray McGarity, Jr., was convicted after a bench trial of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of counterfeit securities, in violation of 18 U.S.C. § 472. He now appeals, challenging the constitutionality of Section 922(g)(1). Relying on *United States v. Lopez*, 514 U.S. 549 (1995), McGarity asserts that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50630

Section 922(g)(1) exceeds the scope of Congress's power under the Commerce Clause and is therefore unconstitutional. He concedes, however, that his argument is foreclosed by circuit precedent, and he makes the argument to preserve it for further review. The Government has filed an unopposed motion for summary affirmance and an alternative request for an extension of time to file its brief.

Summary affirmance is proper if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). McGarity's argument that Section 922(g)(1) is unconstitutional because it exceeds the scope of Congress's power under the Commerce Clause is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999).

Accordingly, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED. The district court's judgment is AFFIRMED.