# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2020

Lyle W. Cayce
Clerk

No. 19-50983
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDWARD JOSEPH CURRAN, III,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CR-370-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Edward Joseph Curran, III, was convicted after a bench trial of possessing with intent to distribute methamphetamine, carrying a firearm during a drug-trafficking crime, and possessing a firearm after a felony conviction. He now appeals, challenging only his felon-in-possession conviction. Relying on *United States v. Lopez*, 514 U.S. 549 (1995), Curran asserts that the statute of conviction, 18 U.S.C. § 922(g)(1), exceeds the scope

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50983

of Congress's power under the Commerce Clause and is therefore unconstitutional.  He concedes, however, that his argument is foreclosed by circuit precedent, and he makes the argument to preserve it for further review.  The Government has filed an unopposed motion for summary affirmance and an alternative request for an extension of time to file its brief.

Summary affirmance is proper if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Curran's argument that § 922(g)(1) is unconstitutional because it exceeds the scope of Congress's power under the Commerce Clause is foreclosed.  *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999).

Accordingly, the Government's motion for summary affirmance is GRANTED.  The Government's alternative motion for an extension of time to file a brief is DENIED.  The district court's judgment is AFFIRMED.