# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-10943
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christian Lamar Porter,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-49-1

———————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Christian Lamar Porter pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Relying on *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), he argues for the first time on appeal that § 922(g)(1) exceeds the scope of Congress's power under the Commerce Clause and is

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

thus unconstitutional. The Government has filed an unopposed motion for summary affirmance and an alternative request for an extension of time to file its brief.

Porter correctly concedes that his arguments challenging the constitutionality of § 922(g)(1) are foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999). He raises the arguments to preserve them for further review.

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.